UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ISAAC CADIZ,

    Plaintiff,

vs.

HARVARD SERVICES GROUP INC., a foreign profit corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff ISAAC CADIZ, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant HARVARD SERVICES GROUP INC., a foreign profit corporation (hereinafter, "Defendant"), and says:

## JURISDICTION AND VENUE

1. This is an action for damages excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.,* the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter, "FLSA").

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

## **GENERAL ALLEGATIONS**

5. At all relevant times, Plaintiff was a resident of Miami-Dade County Florida and over the age of eighteen and otherwise *sui juris*.

6. Plaintiff was an individual with a disability or perceived disability. He is therefore a member of a class protected under Title VII, the ADA, the ADAA, and the FCRA because the terms, conditions, and privileges of his employment were altered because of his disability.

7. Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant and/or because of his requests for reasonable accommodation which places him within a class protected under Title VII, the ADA, the ADAA and the FCRA.

8. Defendant is a foreign corporation with a place of business in Miami and authorized to do business in Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, the ADAA and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

14. Plaintiff's Charge was filed on or about June 6, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was constructively terminated from his position on or about August 23, 2019. His Charge was therefore timely filed.

16. Plaintiff was issued a Notice of Right to Sue on June 16, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

17. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

18. All other conditions precedent to this action have been performed or have been waived.

19. On December 2, 2016, Plaintiff filed a charge of discrimination with the Miami Dade County Commission for age discrimination, disability discrimination, Defendant's failure to accommodate and retaliation. (Charge No. F-6251/15C-2017-00012).

20. On or about January 2017, the parties reached a resolution of Plaintiff's claims and Plaintiff signed a request for withdrawal of Charge No. F-6251/15C-2017-00012.

21. On or about September 2018, Plaintiff filed a wage claim with the Miami Dade County Department of Regulatory and Economic Resources against Defendant (hereinafter "the wage claim") to address Defendant's improper pay of Plaintiff's overtime hours.

22. In October 2018, Defendant agreed to a monetary settlement resolving Plaintiff's wage claim.

23. From that date, and continuing until his constructive termination, Plaintiff was subjected to retaliatory treatment because of his complaints of discrimination, of improper pay and/or requests for reasonable accommodations.

24. Specifically, in October 2018, Plaintiff was assigned cleaning duties in the kitchen. At the time, Plaintiff was advised that the position was temporary and was the only option for him to receive 40 hours a week. Plaintiff was assigned the tasks that were previously performed by four different employees.

25. The workload was demanding, the work was not safe in that the floor was slippery, and the humidity of the work area began to negatively affect Plaintiff's health.

26. For the next six months Plaintiff notified Defendant's manager, supervisor, and human resources representative, that the workload was not manageable and how the work conditions were not safe and negatively affected his health.

27. Specifically, Plaintiff notified his managers, Mr. Martinez and Mr. Gomez of the disparate treatment and unfair work conditions he was being subjected to and how it was negatively affecting his health.

28. Specifically, starting on April 4, 2019, Plaintiff began to experience acute muscular pain and fever, limiting his ability to walk, and move which negatively affected his back condition.

29. Plaintiff made several requests for accommodations including to be transferred from that position which was intended to be temporary. However, Plaintiff's requests were not addressed by Defendant.

30. On April 11, 2019, Plaintiff notified his employer that due to his own medical condition he needed leave for a week.

31. Upon his return, Plaintiff's manager Mr. Alvaro advised Plaintiff that if Plaintiff had any medical restrictions the only position available for him would be part-time.

32. Plaintiff was at all times qualified for his job. During his tenure with the company, Plaintiff was neither disciplined nor advised that his performance was less than satisfactory.

33. Upon information and belief, there were other jobs for which Plaintiff was qualified that he could have performed which did not violate his limitations.

34. On or about May 2019, after being notified that Plaintiff was represented by Counsel, Defendant offered Plaintiff the option to remain in the kitchen position or transfer to a cleaning position which had a conflicting schedule for Plaintiff. Plaintiff had no choice but to remain in the kitchen position.

35. Plaintiff, was subjected to further harassment and disparate treatment by his supervisors and remained at the same position at his regular rate despite the fact that he was performing the duties which were previously handled by more than one employee.

36. On or about August 4, 2019, Plaintiff was notified of additional tasks that were going to be assigned to him despite his several requests for transfer or for assistance.

37. On or about August 23, 2019 due to the negative effects of the workload on his health, and the stress related with the workload, Plaintiff had no choice but to resign.

38. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

39. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, and/or request for accommodation, and/or complaints for wages were motivating factor(s) in the decision for the adverse employment action(s).

40. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, ADA, ADAA FCRA and the FLSA.

41. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

42. Plaintiff is entitled to his reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 of this complaint as if set out in full herein.

44. Plaintiff is disabled as he suffers from lateral epicondylitis which is an impairment which substantially limits one or more major life activities.

45. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

46. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). These requests were reasonable and would not have caused Defendant undue hardship.

47. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

48. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

   WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   A. Actual damages as a result of Defendant's discriminatory actions;
   B. Punitive damages due to Defendant's willful behavior;
   C. Compensatory damages;
   D. Injunctive relief where feasible;
   E. Attorney's fees;
   F. Costs of this action; and
   G. Any other relief this Court deems proper.

## COUNT II
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 of this complaint as if set out in full herein.

50. Plaintiff requested reasonable accommodation(s) for his disability. This requests were made to his managers, Martinez, Gomez, Perasso, district manager Ricardo Belalcazar and human resources representative who knew of Plaintiff's disability.

51. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and harassment without valid reason.

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with

malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Defendant's stated reason(s) for denying Plaintiff's request for accommodation is pretextual.

54. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination and requests for reasonable accommodation, were a motivating factor in the decision for the adverse employment action(s).

   WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

   B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 of this complaint as if set out in full herein.

56. Section 760.10 of the FCRA states in relevant part:

   (1) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

57. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

58. Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable requests for an accommodation to his disability.

59. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's requests for accommodation of his disability, which disabled individuals were not and would not have been subjected, in violation of the FCRA.

60. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

61. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's request for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

62. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

63. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

64. Plaintiff re-alleges and re-avers paragraphs 1-42 as though full set forth herein.

65. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

66. Plaintiff made several complaints of disparate treatment from Narvaez to Tyndall, and Soler.

67. Plaintiff's complaints of disparate treatment and filing of a charge of discrimination as stated above, were protected activity under the FCRA.

68. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

69. Specifically, only after Plaintiff made a formal complaint with the Miami Dade County Commission, Defendant transferred Plaintiff to a position in the kitchen and subjected him to treatment which negatively affected his health.

70. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

71. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

72. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Narvaez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

73. Defendant's alleged reason(s) for denying Plaintiff's request for accommodation and subjecting Plaintiff to disparate treatment (if any) are pretextual as described above.

74. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

75. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## FLSA RETALIATION

76. Plaintiff, re-alleges and reaffirms paragraphs 1 through 42 and as if fully set forth herein.

77. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified

or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

78. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

79. The motivating factor that caused Defendant's disparate treatment of Plaintiff as described above was Plaintiff's complaint for payment of his earned wages to the Miami Dade County Department of Regulatory and Economic Resources.

80. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff ISAAC CADIZ demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 15, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com